LAND ASSOCIATES CORPORATION and ARGUS ASSOCIATES, INC., Respondents, v. GRAND UNION STORES, INC., Appellant, FEDERAL BAKE SHOP, INC., and Another, Defendants.— Appeal from a judgment of the Supreme Court, entered in the Warren county clerk's office on June 21, 1940, after a trial by the court without a jury. On February 1, 1933, the Grand Union Stores, Inc., entered into two leases, one for premises No. 141 Glen Street, Glens Falls, N. Y., and the other for No. 139 Glen Street, Glens Falls, N. Y. The two premises thus leased joined and were operated by the lessee Grand Union as one store without segregation of monies received from sales. The lease for 139 Glen Street is the one here in question. The second paragraph thereof provides as follows: " 2. The lessee shall pay the lessor rent therefor as follows, viz: February 1, 1933, to January 31, 1936, at the rate of $3,000 per year, payable in advance, in equal monthly installments during the term and thereafter at the rate of $3,500 per year, payable in equal monthly installments in advance, and also, in each year, one and one-eighth per cent of the gross sales of the lessee at both No. 141 and No. 139 Glen Street, viz: For the purpose of determining the gross sales, all sales at both of said locations shall be considered as made at No. 139 Glen Street, said

gross sales to be computed to and including the 31st day of each December, and said percentage to be paid during the following month, in each year, except there shall be credited to the lessee on said one and one-eighth per cent of gross sales, in each year, the fixed minimum rent hereinabove provided for." The term of each lease was for three years beginning February 1, 1933, with certain renewal provisions. During the tenancy under the lease of 141 Glen Street, the Grand Union Stores were compelled to remove therefrom as the result of a foreclosure action. The court below held that this terminated the lease for No. 139 because it was no longer possible to ascertain the amount of rent which should be paid under the lease for No. 139. The trial court also held that upon such termination the tenant became liable for the reasonable rental value of the premises for the period during which it had occupied the premises beyond such termination. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.